## COURT OF APPEALS.
### Nov. 30, 1909.

## THE PEOPLE v. NATHAN SCHLESSEL.

(196 N. Y. 476.)

(1). TRIAL—EVIDENCE—DOCUMENTARY.

Where part of a document is received because it is relevant, other parts may become admissible only because they qualify, limit or explain the relevant matter first introduced.

(2). SAME—CODE CRIM. PRO., SEC. 542.

Where the injurious character of evidence received against a defendant on the trial of an indictment is clear, this court cannot ignore the error under the power conferred upon it by section 542 of the Code of Criminal Procedure, to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

(3). SAME—PENAL CODE, SEC. 587.

Defendant was indicted under section 587 of the Penal Code (Penal Law, § 1171) for transferring a check payable to his order to a relative, with intent to defraud creditors. Upon the trial a petition presented to the court in bankruptcy proceedings against defendant, which petition was made several months after the alleged commission of the crime, and stated facts prejudicial to him, but not relating specifically to the crime for which he was on trial, was received in evidence upon the ground that defendant's counsel had upon cross-examination " opened the door " by inquiry with reference to the petition from one of the People's witnesses, who avowed his ignorance of its contents. *Held*, that the petition was not competent evidence, and that although the trial judge instructed the jury on receiving it that it was not competent to establish the statements contained therein, his language to the jury on their request for instructions permitted the jurors to consider it for a purpose for which it could not properly be considered, and rendered its erroneous admission prejudicial to defendant; further, that it does not appear that the petition was admissible for any purpose.

People v. Schlessel, 127 App. Div. 510, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8,

1908, which affirmed a judgment of the Court of General Ses-
sions of the Peace in the county of New York rendered upon a
verdict convicting the defendant of the crime of removing prop-
erty with intent to defraud a creditor.

The facts, so far as material, are stated in the opinion.

*John R. Dos Passos* for appellant.    A fatal error was com-
mitted in the admission of the petition and order to set aside a
sale made by the receiver of the property, which came into his
custody as receiver.    (*People v. Wolf,* 183 N. Y. 464; *People
v. Leland,* 25 N. Y. Supp. 943; *People v. Dimick,* 41 Hun,
634; 107 N. Y. 24; *Erben v. Lorillard,* 19 N. Y. 299; *Moraves
v. Grell,* 79 App. Div. 146; *Anderson v. R., W. & O. R. R. Co.,*
54 N. Y. 334; *Tabor v. Van Tassell,* 13 Wkly. Dig. 269; *Mc-
Keever v. Meyer,* 11 Wkly. Dig. 258; *Barth v. State,* 39 Tex.
Cr. Rep. 386).

*William Travers Jerome, District Attorney (Robert C. Tay-
lor* of counsel), for respondent.    There was no error in the ad-
mission in evidence of the petition to set aside the sale in bank-
ruptcy, since defendant's counsel had by his inquiries opened
the door for its admission.    (*People v. Driscoll,* 107 N. Y. 414;
*People v. Johnson,* 140 N. Y. 350; *People v. Buchanan,* 145
N. Y. 1; *Cohen v. U. S.,* 157 Fed. Rep. 651).

WILLARD BARTLETT, J.:

The defendant was indicted under section 587 of the Penal
Code (now section 1171 of the Penal Law), providing as fol-
lows:

" A person who with intent to defraud a creditor, or to pre-
vent any of his property from being made liable for the pay-
ment of any of his debts, or levied upon by an execution or war-
rant of attachment, removes any of his property or secretes,

assigns, conveys or otherwise disposes of the same; . . . is guilty of a misdemeanor."

The indictment charged that the defendant, on the 19th day of November, 1903, with intent to defraud the firm of William Oppenhym & Sons, then being his creditors, did unlawfully remove, assign and convey to one Max Schlessel a bank check for $1,972.45, drawn by C. Rosenberg upon the National Butchers and Drovers' Bank of the city of New York, payable to the defendant's order.

The proceedings in the case have been characterized by considerable prolixity. The crime is alleged to have been committed in November, 1903. The indictment was found in June, 1905. The defendant, on June 28th, 1905, interposed a demurrer, which was held under advisement over seven months, until February 6th, 1906, when it was disallowed. The defendant then pleaded not guilty. He was brought to trial in November, 1907, and the trial resulted in the conviction and judgment which now, in November, 1909, come before this court for review. It is not too much to suggest that greater expedition than this ought to be readily attainable, especially when it appears, two years after the trial, that the judgment must be reversed for an obvious error in the admission of evidence which must have been injurious to the appellant and was not properly receivable on any tenable theory.

This objectionable evidence consisted of the contents of a petition by one Anthony C. Brew, presented to the United States District Court for the southern district of New York in the matter of the bankruptcy of the defendant in March, 1904, several months after the alleged commission of the crime charged in the indictment. The petition alleged in substance that the bankruptcy proceeding was a collusive transaction between the defendant's attorney and the attorney for his creditors; that a sale of the property which had taken place therein had been fraudulent, stating in detail the circumstances of the

10

fraud, and it prayed that the sale be set aside as fraudulent and void.

The issue upon the trial of this indictment was the intention of the defendant in transferring the Rosenberg check for $1,972.45 to Max Schlessel (who was his brother) on the 19th day of November, 1903. It required some ingenuity to devise a theory by which this petition, executed by a hostile party months afterwards, could be made to appear relevant to that issue. This was done by suggesting that the defendant's counsel had opened the door by his cross-examination of a witness for the People, named Ferdinand J. Hoyt, Jr., who had been the receiver of the defendant in bankruptcy, and testified in regard to the sale of the defendant's property. The petition to set aside that sale was based on the proposition that the property had been sacrificed; and, on cross-examination, this witness was asked whether it was not alleged in the petition that the purchaser had realized $22,000 for things for which he paid only $2,700. He answered that he did not know whether that was in the petition or not; but he would not deny it.

Upon this testimony, the assistant district attorney, who conducted the trial, succeeded in inducing the court to receive the entire petition in evidence, over the objection and exception of the defendant's counsel, and it was not only admitted formally, but it was all actually read to the jury. The basis of the ruling was stated by the court as follows: " If you open the door in cross-examination, in rebuttal they have the right to prove what they want to prove in the petition."

The proposition that the door was opened to admit the contents of the petition by the testimony of a witness that he did not know whether or not it contained a certain specific statement is so manifestly unsound that it hardly admits of serious discussion. It is urged, however, that at the time when this evidence was thus admitted the learned trial judge instructed the jury that the petition was not competent evidence to establish

the statements therein contained, and thereby did away with any possible harmful effect. This might be conceded if the court had adhered to that instruction, but it did not. The jury were plainly impressed with the statements in this document, which were intensely hostile to the defendant, but were nevertheless doubtful how to regard them; so being brought back into court they questioned the trial judge in reference to the matter, and in answer to the eighth juror he said: " Gentlemen, that instrument was allowed in evidence just as these other checks and transactions were received, because the People claimed that that instrument had a bearing on the general intent of the defendant in transferring his property and it may be regarded by you on the question of the intent with which this particular check was transferred. For that purpose, and none other, was it received in evidence." This instruction permitted the jury to consider the petition for a purpose for which it could not properly be considered, and rendered its erroneous admission distinctly prejudicial to the defendant.

Its injurious character is so clear that we cannot ignore the error under the power conferred upon us by section 542 of the Code of Criminal Procedure to give judgment without regard to technical errors or defects or to exceptions which do not effect the substantial rights of the parties. I think we have gone to the permissible limit in that respect. Again and again the counsel representing the New York district attorney in this court has frankly conceded error on the part of the public prosecutor conducting the trial, but has asked us nevertheless to affirm the judgment under review perforce of this section. We cannot do it in the case of so mistaken and harmful a ruling as that in this record which has been discussed.

There is no tenable theory of " opening the door " which sanctions the reception of evidence neither relevant to the issue nor to facts in issue. Where part of a document is received because it is thus relevant, other parts may become admissible

because they qualify, limit or explain the relevant matter first introduced, but this was no such case. The witness Hoyt had merely avowed his ignorance as to the contents of the petition; there was nothing, therefore, to qualify, limit or explain. To " open the door " some evidence must be given; the avowal of ignorance is a refusal to give evidence, owing to the inability of the witness. That was all there was here.

If believed, the facts stated in the petition inevitably tended to create the impression in the mind of the reader that there had been a fraudulent sale of the defendant's property in the bankruptcy proceeding for an utterly inadequate consideration with his knowledge and consent and through the agency of his attorney, and the jury at the last were told that they could consider the statements to that effect in the petition of a third party in passing upon the intent of the defendant in previously turning over the Rosenberg check to his brother. This instruction made it certain that the admission of the petition in evidence worked injury to the defendant, so that the error in receiving it cannot possibly be regarded as harmless.

In respect to the right of a party against whom part of an utterance has been put in evidence to complement it by putting in the remainder in order that the court may completely understand the total tenor and effort of the utterance, Professor Wigmore correctly states that the right is subject to a threefold limitation: (a) No utterance irrelevant to the issue is receivable; (b) no more of the remainder of the utterance than concerns the same subject and is explanatory of the first part is receivable; (c) the remainder thus received merely aids in the construction of the utterance as a whole, and is not in itself testimony. (3 Wigmore on Evidence, § 2113.)

Under these limitations cases may arise wherein documents, though admissible, are not proof of all the facts stated in them. In the present case, however, I do not see how the petition was admissible at all for any purpose. The statements therein con-

tained did not come from the defendant but from a hostile liti-
gant in the bankruptcy proceeding against him.  So far as ap-
pears they had not been communicated to the defendant and
there is no proof that he had ever taken any action in regard
to them.  None of them was proved by the testimony of the
witness Hoyt and hence there was nothing to explain or eluci-
date.  There can be no right to put in the remainder of a thing
where no part of the thing itself has yet been introduced in
evidence.

The exception to the ruling admitting the petition being fatal,
it is unnecessary to discuss any other assignment of error.  The
judgment of conviction must be reversed and a new trial or-
dered.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and
CHASE, JJ., concur.

Judgment of conviction reversed, etc.