GUSSIE GARB and ABE GARB, Appellants, *v.* AMALGAMATED PROPERTIES, INC., Respondent.

First Department, February 18, 1938.

*Harry Lesser* of counsel [*Lesser & Lesser*, attorneys], for the appellants.

*Robert H. Charlton* of counsel [*William A. Earl*, attorney], for the respondent.

PER CURIAM. The judgment must be reversed and a new trial granted on account of the receipt in evidence of the written statement of the defendant's witness Zazick offered by the defendant,

executed almost two years after the alleged accident. The entire statement was not rendered admissible by the fact that the plaintiffs had cross-examined Zazick in relation thereto. The cross-examination was limited to exhibiting slight inconsistencies between Zazick's testimony and the written statement in relation to the time when he commenced work on the day of the accident and the exact place where the accident had occurred. Accordingly, only so much of the statement as related to these discrepancies should have been received. (*People* v. *Schlessel*, 196 N. Y. 476; *Hanlon* v. *Ehrich*, 178 id. 474.) It is not impossible that the remainder of the statement, containing a narrative by the defendant's witness of the circumstances under which the defendant claimed the accident to have occurred, influenced the jury in the consideration of the case.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.; MARTIN, P. J., and TOWNLEY, J., dissent.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.