THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KENNETH LEWIS, Appellant.

Fourth Department, April 11, 1963.

278

*Richard D. Grisanti* for appellant.

*Carman F. Ball, District Attorney (Leonard Finkelstein* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment of conviction rendered in the County Court of Erie County, convicting the defendant of burglary in the third degree and grand larceny in the second degree.

The proof was sufficient to warrant a finding by the jury that the defendant was a participant in the burglarizing of a furniture store on Genesee Street in Buffalo, New York, on July 20, 1961. The glass in the front door of the store had been broken and a portable television set of the value of $160 had been stolen.

Detective Sergeant A. R. Gristmacher of the Buffalo Police Department testified that he had observed the defendant and two companions near the scene of the burglary. He also testified that the defendant admitted to him that he had acted as a lookout, although he denied that he had gone into the store, and the defendant further admitted that he sold the television set to a friend. Upon the trial, the defendant did not take the stand or offer any evidence in his behalf.

The only serious problem in this case arises from the redirect examination of Detective Gristmacher. During cross-examination of the detective, the defendant's counsel had brought out

the fact that he had had two or three conversations with Grist-macher around Christmas time, 1961, and that the detective had told the defendant's counsel in the course of the conversations that "we were going to get him [the defendant] on other charges" if the defendant did not give a written statement concerning the present charge. It was also brought out that there was a telephone conversation a few days later to the same general effect.

On redirect examination, the District Attorney asked for the substance of the whole of the conversation between the detective and the defendant's counsel. The objection was made that the revelation of certain parts of the conversation would be preju-dicial to the defendant and should not be permitted but the court overruled the objection upon the ground that the cross-exam-ination by the defendant's counsel had opened the door. The detective then testified that he had told the defendant's counsel about several prior criminal charges against the defendant: he had told the defendant's counsel that the defendant "was picked up in Amherst", that "he was picked up in Hamburg" and that "Niagara Falls is going to get a warrant out for him" and that the defendant was involved in burglarizing of "Sench's Jewelry in the Central Park Plaza". The officer went on to testify that he had arrested the defendant right before Christ-mas for investigation of the Sench burglary and arrested him again on a warrant from the Niagara Falls Police Department for burglary and grand larceny and the Niagara Falls police came and took him back to Niagara Falls and that he was not released on that charge.

The court instructed the jury that the testimony was permitted "solely in explanation of the conversation had between Mr. Grisanti and this witness and for no other purpose, and you are not to infer from statements made by this witness that this defendant is guilty of any other burglary as a result of what he may have said here". In its charge, the court instructed the jury that "you are to give no consideration to any other alleged charges".

There is no claim by the People that proof of other crimes was independently admissible in this case on any of the grounds set forth in *People* v. *Molineux* (168 N. Y. 264). Certainly, evidence of unproved charges is not admissible for any purpose. The sole justification relied upon for the bringing in of the evidence of other criminal charges is that it was offered in explanation of the portion of the conversation previously given upon cross-examination, under the rule laid down in *People* v. *Buchanan* (145 N. Y. 1). The proffered justification must be rejected. The

testimony of the detective did not tend to explain the statement brought out on cross-examination that he would get the defendant on other charges. On the contrary, the elaboration of the nature of the other charges tended to corroborate the statement. The rest of the conversation given on redirect examination did not qualify, limit or explain the portion of the conversation given on cross-examination. It only served to bring to the jury's attention highly prejudicial matter concerning other crimes alleged to have been committed by the defendant. The trial court seems to have been of the opinion that if any part of a conversation between the witness and a third person is elicited upon cross-examination, the whole conversation automatically becomes admissible upon redirect examination, no matter how irrelevant and prejudicial the rest of the conversation may be. This, in our opinion, was an erroneous view. (Cf. *People* v. *Robinson,* 273 N. Y. 438, 442–443.)

'' There is no tenable theory of ' opening the door ' which sanctions the reception of evidence neither relevant to the issue nor to facts in issue. Where part of a document is received because it is thus relevant, other parts may become admissible because they qualify, limit or explain the relevant matter first introduced, but this was no such case '' (*People* v. *Schlessel,* 196 N. Y. 476, 480–481).

The '' opening of the door '' theory should be applied with especial caution to a conversation between a police officer and the counsel for a defendant in which the full history of the defendant might have been reviewed. If part of the conversation is brought out on cross-examination, the redirect examination should be strictly limited to the parts of the conversation which qualify, limit or explain the part which was previously brought out and references to other crimes should so far as possible be avoided.

We cannot disregard the error in this case on the ground that it was not prejudicial. While the proof was sufficient to warrant submission to the jury and to warrant a finding of guilt by the jury, the proof was far from overwhelming; in fact, the prosecution's case rested to a large extent upon oral admissions alleged to have been made by the defendant to the detective. In this situation, the error in admitting proof of prior criminal charges was very damaging. Despite the court's admonition, the jury may well have been influenced in determining the defendant's guilt of the crime charged against him by the evidence that he had a bad record of prior criminal arrests.

The judgment of conviction should therefore be reversed and a new trial granted.

WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.