■ MINNIE GREEN et al., Appellants, v. HUGH DOWNS et al., Respondents.— Judgment entered June 26, 1969 affirmed, with $50 costs and disbursements to respondents. The plaintiff was injured when she was struck by defendant's car as it was being backed from a parked position along the southerly curb of West 33rd Street. At the time plaintiff was attempting to cross the roadway at a point not within the lines of the crosswalk. The issue as between the two witnesses to the occurrence, the plaintiff and the driver of the defendant's car, was one of credibility which the jury resolved against the plaintiff. We do not find prejudicial error with respect to either the charge or the admission or exclusion of evidence. The charge as a whole fairly conveyed to the jury the correct rules of law and was clear and precise as to the duty owed by a driver backing up a vehicle. The court charged that even though plaintiff was not within the crosswalk, "the defendants * * * were required by Section 1154 of the statute [Vehicle and Traffic Law] to exercise due care to avoid colliding with any pedestrian upon any roadway and give warning by sounding the horn when necessary * * * I further charge that the law provides that no person shall remove a vehicle which is stopped, standing, or parked, unless and until such movement can be made with reasonable safety." (The language of Vehicle and Traffic Law, § 1162). These instructions were a well-defined guide to the jury of the obligation owed by defendant driver of "due care" and "reasonable safety." Concur — Stevens, P. J., Eager, Markewich and Tilzer, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse and remand for a new trial. Plaintiff was standing behind defendant's parked automobile in the middle of the block, she was injured when struck by

the car while it was being backed from its parked position. The court erred in refusing to charge, as requested and as it first agreed to do, section 1211 of the Vehicle and Traffic Law: " The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." The charge contained only abstract principles of law; it did not refer to the evidence or to the particular issues to be decided and was, therefore, inadequate to give the jury the guidance required for a proper verdict.· (*Kroemer* v. *Raybestos Manhattan,* 247 App. Div. 105; *Arroyo* v. *Judena Taxi,* 20 A D 2d 888.) Clearly plaintiff was entitled to the protection of the statute. In *Taggart* v. *Vogel* (3 N Y 2d 58) an applicable traffic regulation was not charged by the trial court. The Court of Appeals said (p. 60) : " As the Traffic Regulations have increased the responsibility of the motorist, a violation of the regulations would constitute some evidence of negligence. [Citing cases.] Therefore, since the regulations are applicable, the plaintiff was entitled to have the jury instructed as to their provisions [citing cases]. The failure to so charge is an error too grave to be disregarded." The trial court in my view unduly repeated and emphasized the claims of contributory negligence to plaintiffs' prejudice (*Kissner* v. *Baxter,* 29 A D 2d 905; *Lyons* v. *City of New York,* 29 A D 2d 923) ; there was also error in excluding plaintiff's conversation with a policeman while admitting defendant's. And finally, it was prejudicial error to receive in evidence, over objection, that part of defendant's motor vehicle report that gave his version of the accident and its cause. (See *Garb* v. *Amalgamated Props.,* 253 App. Div. 346; *Catapano* v. *Francis,* 31 A D 2d 650.)