■ BARBARA A. CORNWELL, as Administratrix of the Estate of JUDY E. CORNWELL, Deceased, Appellant, v. HOWARD J. CLEVELAND, Respondent.— Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: The court correctly charged the jury that the contributory negligence of this five-year-old decedent was a question of fact for its determination (*Trippy* v. *Basile*, 44 A D 2d 759). However, because of the erroneous admission of the unsigned statement of Police Lieutenant Klipfel, called as a witness by defendant, over the objection of plaintiff's counsel, a new trial is required. The statement was self-serving evidence introduced on redirect examination and used to bolster the direct testimony of Lieutenant Klipfel. The questions of appellant's counsel on cross-examination by which he referred to two or three answers of Lieutenant Klipfel in the prior statement concerning the position of the infant beside the road before the accident did not justify admission of the entire 18-page document as direct evidence or delivery of it to the jury during its deliberations (*Garb* v. *Amalgamated Props.*, 253 App. Div. 346, app. dsmd. 277 N. Y. 733). The prejudice to appellant's case is clear when it is observed that in this statement the officer stated it was his opinion that the infant never saw the defendant's car, the defendant tried to stop before the accident and the defendant told him that he tried to avoid the accident. It also included other less prejudicial but, nevertheless, incompetent evidence. Thus, during its deliberations the jury had before it a complete written statement of the testimony of the only disinterested, adult eyewitness to the accident, which not only favored defendant but improperly gave his opinion respecting fault. It should not have been received in evidence. We also note that the court improperly limited the right of appellant's counsel to use leading questions when examining defendant when he was called to testify as part of the plaintiff's case (*Becker* v. *Koch*, 104 N. Y. 394, 401; *Matter of Arlene W.* v. *Robert D.*, 36 A D 2d 455). Several contentions are raised with respect to the alleged improprieties of defense counsel during summation in referring to his client's MV 104 report and to appellant's financial resources. Apparently some of the references exceed the evidence in the record but since the summations were not recorded, we do not pass on those issues. (Appeal from judgment of Erie Trial Term in action for damages for wrongful death.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.