In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and GEORGE SPADACCINI, Appellant.—Judgment, Supreme Court, New York County, entered May 21, 1975, unanimously modified, on the law and the facts, to reverse and remand for a further hearing on the issue whether a hit and run vehicle was involved in appellant's accident, and otherwise affirmed, withou⸱ costs and without disbursements. In this proceeding by respondent to stay arbitration, a principal issue required to be considered by the hearing Justice was whether appellant was the victim of a hit and run vehicle so as to activate a clause in his policy providing for arbitration. Over objection of appellant's counsel, respondent introduced into evidence a copy from its files of the history portion of the hospital record, containing statements that appellant fell off a motorbike. The court below relied upon these statements to conclude that no physical contact occurred between appellant and a hit and run vehicle. Under certain circumstances, the contents of a writing may be received in evidence in the absence of the original. However, an appropriate foundation must be established (Richardson, Evidence, [10th ed], § 582). No such foundation was laid here. Statements in a hospital record concerning the cause of an accident are not admissible under CPLR 4518, unless germane to diagnosis or treatment *(Williams v Alexander,* 309 NY 283, 287–289; Richardson, Evidence, [10th ed], §§ 301, 302, pp 276–279), but here diagnosis and treatment were not an issue. While in certain circumstances the history portion of a hospital record containing statements purportedly made by an injured person may be received as an admission against his interest, such statements must be connected properly with the person to whom they are attributed. In this case appellant specifically denied making the statements and the evidence presented failed to bridge this gap. The view expressed by the court below that these statements, though hearsay, were admissible on a trial of preliminary issues is unsupported by any authority. Concur—Stevens, P. J., Markewich, Birns and Nunez, JJ.; Silverman, J., concurring in the following memorandum: Silverman, J. (concurring). Reluctantly I agree that the copy of the hospital record was not admissible without appropriate foundation dispensing with the production of the original and authenticat-

ing the copy. But for this defect, however, I think the hospital record would be admissible. The statement in this case of how the injury occurred—that the patient fell off a bicycle (apparently a motorbicycle)—is germane to diagnosis or treatment. Thus in *Williams v Alexander* (309 NY 283, 288), Judge FULD speaking for the majority said: "In some instances, perhaps, the patient's explanation as to how he was hurt may be helpful to an understanding of the medical aspects of his case; it might, for instance, assist the doctors if they were to know that the injured man had been struck by *an* automobile." The hospital record contained this notation: "Chief complaint. (In patient's own words.) I fell from the bike." That seems to me to be an admission by petitioner against his interest, properly connected to him.