■ NADINE SHUFELT, as Administratrix of the Estate of JOHN W. SHUFELT, Deceased, Appellant, v CITY OF NEW YORK, Respondent. — In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered November 26, 1979, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The parties were in agreement that a police officer, in defendant's employ, fired the shots which proved fatal to plaintiff's decedent. The question to be decided was whether the homicide was justified. Reversible error was committed when statements of defendant's employees which were for the most part self-serving and consistent with their testimony were read to the jury in their entirety when only small portions of these statements had previously been introduced by plaintiff for impeachment purposes. Defendant concedes that the admissions were erroneous since the statements did not tend to explain, qualify or limit the discrepancies (see *People v Torre,* 42 NY2d 1036), nor were they admitted as the result of a claim that the testimony of the witnesses were recent fabrica-

tions (see *Crawford v Nilan,* 289 NY 444). However, defendant contends that the admission of these statements was harmless error. Defendant correctly notes that plaintiff failed to object to defendant's use of the first prior consistent statement and is therefore estopped from claiming that this statement was erroneously read to the jury *(Mashley v Kerr,* 47 NY2d 892). Furthermore, defendant maintains that the other prior consistent statements, which were subsequently read to the jury despite plaintiff's objections, were merely repetitive of the first, in that each related the same version of this incident. Defendant therefore concludes that, due to plaintiff's initial waiver, the later erroneous admission of the other prior consistent statements did not constitute reversible error. We do not agree. Although these later statements constituted repetitive evidence, their admission may well have prejudiced the plaintiff's case by adding undue credence to the testimony of biased witnesses. As it is unknown exactly what effect the admission of the prior consistent statements had upon the jury's deliberations, the error may not be construed as harmless *(Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31; *Heiney v Pattillo,* 76 AD2d 855; *Garb v Amalgamated Props.,* 253 App Div 346). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.