■ FAY EDELMAN, Appellant, v CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 29, 1980, upon a jury verdict in favor of the defendants. Judgment reversed, on the law, and new trial granted with costs to abide the event. Plaintiff testified that on the evening of April 27, 1976 she exited from a taxicab on Ocean Avenue near the intersection with Kings Highway, took one step toward the curb and tripped on a hole adjacent to a service box on Ocean Avenue owned by defendant Consolidated Edison. Over plaintiff's objection, defendant New York City was permitted to offer into evidence a statement contained in plaintiff's hospital record. The statement read "fell getting out of a cab". It was error to admit this portion of the document. Statements contained in a hospital record concerning the cause of an accident are not admissible under CPLR 4518 (subd [a]) unless germane to diagnosis or treatment *(Williams v Alexander,* 309 NY 283; *Wirth v De Vito,* 74 AD2d 827; see Richardson, Evidence [Prince, 10th ed], §§ 301, 302). Since plaintiff raised the *Williams* rule in objecting to the city's original offer of the document into evidence, she preserved her right to seek review of the subsequent erroneous receipt of the hospital record when the city offered it as an "admission". The error assumed even greater proportions when the court improperly charged "theory of the case", for the jury was then limited to acceptance or rejection of plaintiff's specific version of how the accident happened. The statement in the hospital record served to contradict that specific version. Consequently, the judgment must be reversed and a new trial granted. Damiani, J.P., Lazer, Mangano and Gibbons, JJ., concur.

■ EMPIRE NATIONAL BANK, Respondent, v UNITED PENN BANK, Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order and judgment (one paper) of the Supreme Court, Orange County, entered December 22, 1980, which, *inter alia,* granted plaintiff's motion for summary judgment. Order and judgment affirmed, with $50 costs and disbursements. The disputed clause of the contract provides, *inter alia,* that the agreement shall be "subject only to the requirement that documentation be prepared sufficient in the opinion of both parties as shall be needed to transfer the interests of *Empire* in the Leisure Time *loan* to *United*" (emphasis supplied). The clause is unambiguous and refutes defendant's claim that its obligations thereunder were intended to be conditioned upon the successful completion of negotiations with third parties. In addition, defendant's belated contention that plaintiff had failed to fulfill its contractual obligation to "close" the agreement within the time limited in paragraph 4 thereof is similarly insufficient to defeat summary judgment, since the only evidence submitted on the issue reveals a mutual waiver of the 30-day requirement through the continuing efforts of both parties, without protest, to conclude the agreement well after the contractual time period had expired (cf. *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.,* 43 AD2d 234, affd 34 NY2d 939). Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.