of its occurrence is deemed to be any date subsequent to its inception up to the date of its cessation (9 NYCRR 465.3 [e]). In assessing whether a discriminatory practice is of a "continuing nature" so as to extend the time to file a complaint with the State division, the determinative factor is whether the discriminatory practice had a continuing impact on the complainant (see *State Div. of Human Rights v Burroughs Corp.,* 73 AD2d 801, affd 52 NY2d 748). In *Burroughs* we held that a general company policy to deny pregnancy-related disability claims does not have a continuing impact on a complainant who had a claim for benefits denied by the company despite the fact that the discriminatory policy was continuing when the complainant filed her complaint with the State division. In this case, unlike *Burroughs,* petitioner's claim for benefits was filed after the discriminatory policy was terminated. Marine Midland's ongoing policy to deny pregnancy-related disability claims had a continuing impact on petitioner until the policy ceased on August 3, 1977, and petitioner had one year from that date to file a complaint with the State division (see 9 NYCRR 465.3 [e]). It is the cessation of the impact of the discriminatory practice and not the cessation of the disability which triggers the one-year period of limitation. (Proceeding pursuant to Executive Law, § 298.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ JEAN E. BOUCHERON, JR., Individually and as Executor of RUTH BOUCHERON, Deceased, Appellant, v GEORGE P. TILLEY, Respondent. (Appeal No. 1.) — Judgment unanimously affirmed, without costs. Memorandum: Plaintiff's action against defendant physician is based on malpractice and lack of informed consent in connection with the prescription of a drug known as butazolidin, from which plaintiff allegedly developed Stevens-Johnson syndrome. From a dismissal of his complaint after a jury verdict of no cause for action, plaintiff appeals, seeking a reversal and a new trial because of asserted errors in evidentiary rulings. We find no error in the court's exclusion from evidence of gratuitous opinions by physicians contained in the hospital record concerning a material factual issue: i.e., whether plaintiff's condition was causally related to the ingestion of butazolidin. The statements were offered to prove plaintiff's contentions on this issue and were not a part of the diagnosis. Nor were they necessary for plaintiff's admission to, or treatment in the hospital (see *Williams v Alexander,* 309 NY 283, 287-288; *Matter of Allstate Ins. Co. [Spadaccini],* 52 AD2d 813). We note that in any event the substance of the opinions in the hospital record was brought before the jury during the questioning of defendant. Plaintiff contends further that the court erred in excluding from evidence the manufacturer's package insert approved by the Food and Drug Administration containing prescribing information for use of physicians in treating patients with butazolidin. On the basis of the foundation adduced here, the court's ruling was not an abuse of discretion (compare *Mulder v Parke Davis & Co.,* 288 Min 332, 338-339, where there was foundation testimony that under the circumstances the careful practitioner would have followed the manufacturer's prescribing recommendations). We have examined the other points raised by plaintiff and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J. — medical malpractice.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ JEAN E. BOUCHERON, JR., Individually and as Executor of RUTH BOUCHERON, Deceased, Appellant, v GEORGE P. TILLEY, Respondent. (Appeal No. 2.) — Order unanimously affirmed, without costs. (See *Boucheron v Tilley,* 87 AD2d 983.) (Appeal from order of Supreme Court, Onondaga County, Murphy, J. — dismiss complaint as to estate.) Present—Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.