■ MARY BORGO, Appellant, v DAVID SONTAG et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Di Paola, J.), dated February 1, 1982, which, upon a jury verdict in defendants' favor, dismissed her complaint. Judgment affirmed, with costs. On January 2, 1981, the then 72-year-old plaintiff was struck, while attempting to cross Hicksville Road, by a van belonging to defendant David Sontag and being driven by his daughter,

defendant Patricia Sontag. According to plaintiff, she was crossing Hicksville Road (a two-way thoroughfare) at Dogwood Lane, on her way to the bank, which was located about 50 feet north of the intersection, on the opposite side of Hicksville Road. Her memory of the events that day was somewhat unclear. She did not specifically recall whether she looked to the left for oncoming traffic before stepping off the curb, nor did she recall looking to the right for traffic after passing the center of Hicksville Road. Although plaintiff testified that she always crossed "with the light", on cross-examination she could not recall whether in fact she had crossed at the intersection of Hicksville Road and Dogwood Lane or whether, before crossing, she had first turned and gone 50 feet north on Hicksville Road to a point across from the bank entrance. Finally, she testified that she did not see the van before it hit her. The police officer who responded to the scene also testified at trial. His accident report was received into evidence and stated in part: "Car 1 struck pedestrian. Pedestrian stated as she crossed roadway she did not see Car 1. Driver of Car 1 stated that when she saw pedestrian in roadway that her brakes did not stop her vehicle." At trial, he modified this latter portion of the statement by testifying that what defendant Patricia Sontag had actually said was that "the brakes just didn't stop my car in time". The report also stated as to the pedestrian's action: "Crossing. No signal or crosswalk." He did note that plaintiff was lying approximately 50 feet north of the intersection and was on the shoulder of the road to the rear of the van, which had been moved and parked against the curb. According to defendant Patricia Sontag, she had driven the van for 18 to 20 miles that day prior to the accident and had had no problems with the brakes. Although the weather was clear, the roads were wet with snow. Immediately before the accident she had pulled out of a gas station into the northbound lane of Hicksville Road. The nearest vehicle in her lane was some 10 car lengths ahead. Patricia testified further that as she passed under the hanging traffic light (which was green) at the intersection of Hicksville Road and Dogwood Lane, she saw plaintiff about 50 feet away dart out from between two southbound vehicles. The van was traveling at about 20 miles per hour. Patricia claimed that she had sounded her horn and applied her brakes hard, causing the van to slide about one car length and that plaintiff ran across in front of the vehicle and, while it may have grazed her, Patricia did not feel any contact at that point. After the van stopped, however, Patricia heard a sound on the far side of the vehicle. She jumped out of the van and saw plaintiff laying on the ground. Plaintiff, who was conscious at the time, complained of pain in her back and leg and, according to Patricia said she was "sorry". Patricia stated further that after she jumped out of the van, someone came up and moved it to the right shoulder out of the traffic lane and that plaintiff was then lying about one car length behind the van. Finally Patricia testified that the van's brakes had last been worked on at a Firestone Service Center on December 3, 1980. Her counsel offered the mechanic's bill for that work into evidence and the following colloquy occurred: "[Plaintiff's Counsel]: I respectfully object. If your Honor will note, it's an unpaid bill. I can't cross-examine a bill without the mechanic here. Q Did you pay the bill? A Yes, I did. The Court: You're offering this bill to show that some service was done on the van and specifically with reference to the brakes; is that correct? [Defense Counsel]: Memorandum as to when it was done and where it was done. The Court: Okay. [Plaintiff's Counsel]: If I may for a moment, the bill doesn't indicate the work was done. It doesn't indicate that the bill was paid. It could have been an estimate which was never done — The Court: This is her testimony, something for the jury to evaluate. It refers to the particular van. Your objection will be noted. I'll accept it." Also testifying at the trial was defendant David Sontag, the owner of the van, who stated, *inter alia,* that he

had also operated the vehicle on the morning in question and had had no trouble with the brakes. Plaintiff contends on appeal that the jury verdict in favor of defendants was against the weight of the evidence. She particularly objects to the admission of the mechanic's bill into evidence upon the ground that it was hearsay and that its admission prejudiced her case. Based upon the record before us, we cannot say that the verdict in favor of defendants was against the weight of the evidence. That is to say, the evidence does not so predominate in favor of plaintiff "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). A reasonable view of the evidence taken in the light most favorable to defendants, the successful parties (see *Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376), would support a conclusion that plaintiff crossed Hicksville Road away from the traffic signal, without exercising caution, and that defendant Patricia Sontag, while exercising due care, was unable to stop her vehicle in time to avoid striking plaintiff. While the admission of the mechanic's bill constituted improper hearsay evidence, under the circumstances of this case we are satisfied that such error was harmless. The evidence was merely cumulative to that which had already been testified to by defendant Patricia Sontag and plaintiff was able to cross-examine her with respect thereto. Damiani, J. P., Gulotta and Brown, JJ., concur.

Mangano, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Over plaintiff's objection, the trial court erroneously admitted into evidence a mechanic's bill for work allegedly performed on the brakes of defendant David Sontag's van one month prior to an accident involving the plaintiff pedestrian and defendant Patricia Sontag, the driver of the vehicle. Inasmuch as the plaintiff and the defendant driver offered significantly different versions of the details of the incident, credibility was a key issue to be resolved by the jury. The improper admission of the repair bill may very well have prejudiced the plaintiff's case by adding undue credence to the testimony of the defendant driver. Since it cannot be determined precisely what effect the error had upon the jury's deliberations, under the circumstances the error may not be deemed harmless (see *Shufelt v City of New York,* 80 AD2d 554). Accordingly, a new trial is warranted.