■ MINNIE GUNN, Appellant, v CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Clemente, J.), dated April 25, 1983, which, upon a jury verdict, awarded judgment in favor of defendants the City of New York (city) and the New York City Transit Authority (transit authority).

Judgment reversed, on the law, and new trial granted, with costs to abide the event.

Plaintiff commenced this action on August 2, 1979 by service of a summons and verified complaint upon defendants. In her complaint plaintiff alleged that on January 10, 1979, as she was descending from a transit authority bus, she slipped on a patch of ice which had formed in a hole on the roadway. She claimed that the city was negligent in allowing the roadway to remain in an unsafe condition, and that the transit authority was negligent in failing to provide a safe place for her to exit from the bus.

A trial on the issue of liability culminated in a jury verdict in favor of both defendants. On appeal, plaintiff argues, *inter alia,* that reversal of the judgment entered upon the verdict is required due to an erroneous evidentiary ruling by the trial court. We agree.

Plaintiff testified that when the bus reached her stop it came to a halt three or four feet away from the curb, a little further out than usual. She was the first to alight.

She put her right foot down, let go of the rail, then put her left foot down and started slipping with her right foot. She fell forward and her feet went backwards. After she fell she realized that the first thing she stepped on was a patch of ice which had formed in a hole in the roadway. She was taken to St. Mary's Hospital. She testified that when she got to the emergency room she told someone that she had slipped on ice. Michael M. Elio, a physician's assistant employed by St. Mary's Hospital, testified on behalf of defendant transit authority. As part of Elio's duties, he would obtain the medical history of people coming into the hospital for emergency treatment. At trial, a document was shown to Elio, which he recognized to be a standard medical history form filled out when a patient is admitted to St. Mary's. It bore plaintiff's name. Elio recognized his handwriting and signature on the form, and on that basis testified that he had filled out the form. He explained that the section designated "H.P.I.", for "History of the present illness" is one of the most important parts of the admitting history, where the employee fills in the patient's account of what caused him to be in the state he is in. Ancillary information, such as ambulance reports or notes from referring physicians, could also be included in the "H.P.I." Elio had no independent recollection of taking the "H.P.I." from plaintiff, and did not remember *whether anyone other than plaintiff had given him the information.* Those portions of the form which contained the hospital name, plaintiff's name, the "H.P.I.", and Elio's signature were admitted into evidence, over the objection of plaintiff's attorney. The history of present illness which was written on the form, and read to the jury, was "Today while working [*sic*] down street patient slipped upon ice, twisting ankle".

We find that it was reversible error for the trial court to admit the history portion of plaintiff's medical record into evidence. It was offered to prove the truth of the facts asserted. The entry was not admissible as a business record under CPLR 4518 because it was not germane to plaintiff's diagnosis or treatment (*Williams v Alexander,* 309 NY 283; *Edelman v City of New York,* 81 AD2d 904; see Richardson, Evidence [Prince, 10th ed], §§ 301, 302). Although the notation in the medical record was

inconsistent with plaintiff's position at trial, it could not be received in evidence as an admission, because Elio was unable to say that the information was based on statements made by plaintiff (e.g., *Dougherty v City of New York,* 267 App Div 828, affd 295 NY 786; *Mikel v Flatbush Gen. Hosp.,* 49 AD2d 581; *Matter of Allstate Ins. Co. [Spadaccini],* 52 AD2d 813).

Plaintiff's case against both defendants clearly hinged on her testimony as to how the accident happened. The statement in the medical record, that the accident happened while walking down the street, directly contradicts plaintiff's testimony at trial that the accident occurred while she was alighting from a bus. The erroneous admission of the history portion of plaintiff's medical record cannot be deemed harmless because the entry addressed the very issue to be determined by the jury, viz., how the accident happened. Accordingly, since it is probable that the verdict was affected by the error, a new trial is necessary. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.