■ PLAINVIEW VOLUNTEER FIRE DEPARTMENT, INC., Respondent, v AFA PROTECTIVE SYSTEMS, INC., Appellant. (And a Third-Party Title.) — In an action to recover a sum of money due and owing under a written agreement, defendant appeals from an order of the Supreme Court, Nassau County (Becker, J.), entered February 6, 1984, which granted plaintiff's motion for summary judgment against defendant and directed that a judgment be entered in favor of plaintiff against defendant in the sum of $4,200, plus interest.

Order reversed, with costs, and plaintiff's motion denied.

Defendant AFA Protective Systems, Inc. is in the business of providing a central station fire alarm service for its subscribing customers. On January 1, 1975, plaintiff, the Plainview Volunteer Fire Department, Inc., which responds to all fire alarms in its jurisdiction, entered into a written agreement with defendant, the terms of which permitted defendant to connect its various subscribers into plaintiff's computerized alarm reporting system in exchange for a set fee. Paragraph FIFTH of the written agreement also provided:

"In the event that more than three (3) alarms from the said Subscriber's location shall transmit to the Department, within the same calendar year and it is determined, as herein below provided for, that no fire existed and that such alarm constituted a false alarm, then and in that event the User shall pay to the Department, the sum of $300.00 per false alarms in excess of three (3) false alarms per calendar year as liquidated damages to reimburse the Department for the cost of equipment and services employed in responding to such alarm.

"In the event that the Department determines that an alarm from the Subscriber's location is transmitted and no fire existed, the Department shall notify the User of that fact. The User shall have 10 days from the date of such notice to render a report to the Department as to the cause and effect of said alarm. In the event that the Department determines that said alarm was caused by a malfunction of the User's equipment, the said fire alarm shall be considered a false alarm within the meaning of the Article. In the event that the Department determines that the alarm was the result of circumstances beyond the control of the User, said alarm shall not be considered a false alarm within the meaning of this Article.

"In the event that the User fails to pay said sum as liquidated damages to the Department, within thirty (30) days after notice of the determination that said alarm was a false alarm, the

Department, shall have the right to terminate the right granted to the User to connect to the facilities of the Department."

On or about December 1, 1982, plaintiff sent a letter to defendant which stated that during the period of August 1982 through November 1982, plaintiff had responded to eight fire alarms at the premises of the Old Bethpage Restoration Village, one of defendant's subscribers. Upon responding to the alarms, plaintiff discovered that, in each instance, no fire existed at the premises. In view thereof, plaintiff demanded reimbursement from defendant, pursuant to paragraph FIFTH of the parties' written agreement, in the sum of $1,500, which represented a $300 penalty for each of the false alarms in excess of three per calendar year from any subscriber location.

Upon receipt of plaintiff's letter, defendant contacted plaintiff by telephone as well as by written letters dated December 21, 1982 and January 4, 1983, respectively, seeking to arrange a meeting to discuss the problems of the false alarms in question. Representatives of both parties met on January 27, 1983, at which time defendant denied any responsibility for the false alarms. According to defendant, the alarms were the result of a faulty alarm system at the subscriber's premises, with which defendant merely maintained a telephone connection. Accordingly, defendant asserted that since the false alarms did not originate from a defect in its own equipment, it could not be liable for the alarms. Apparently, the parties were unable to reach an agreement during this meeting regarding defendant's liability for the alarms. Thereafter by letters dated January 29, 1983 and March 12, 1983, respectively, plaintiff informed defendant that it had responded to 12 additional false alarms at the Old Bethpage Restoration Village during the period December 1, 1982 through March 13, 1983.

By letter dated April 28, 1983, defendant again asserted that it was not responsible for any of the registered false alarms and advised plaintiff that it should seek recourse, if possible, against the Old Bethpage Restoration Village itself.

Plaintiff subsequently commenced the instant action against defendant in or about August 1983 seeking to recover the sum of $4,200, plus interest, pursuant to the terms of the parties' written contract. After service of defendant's answer, plaintiff moved for summary judgment. Special Term granted plaintiff's motion stating, in part, "[t]he wording of the [parties'] agreement is quite specific. In the event of a no-fire response by the department [defendant] had 10 days within which to render a report as to the 'cause and effect of said alarm'. Upon receipt of such report the fire department was to make a determination as

to whether the 'call' should be excused. Defendant's failure to come forward with an exculpatory basis for the alarms within the time proscribed [sic] cannot now seek to shift the burden of explanation to plaintiff." We disagree and accordingly reverse.

In the first instance, we conclude that defendant's failure to render a report to plaintiff within 10 days of receipt of the department's false alarm notice pursuant to the terms of paragraph FIFTH of the parties' agreement does not constitute a basis for imposing liability on defendant. It appears from the record that at no time prior to its motion for summary judgment did plaintiff consider defendant's delay in answering its December 1, 1982 notice to be an acceptance of liability on the latter's part. In fact, plaintiff's actions prior to the commencement of this litigation indicate a waiver of the 10-day requirement since plaintiff continued to meet and discuss the matter with defendant's representatives after the 10-day period had expired (*see, Empire Natl. Bank v United Penn Bank,* 81 AD2d 904). In addition, it is significant to note that even assuming that a waiver did not occur, defendant's default in answering was not significant since, at most, only one week had transpired following the expiration of the 10-day period when defendant eventually contacted plaintiff regarding the matter of the subject false alarms. Accordingly, in view of the absence of substantial prejudice to plaintiff caused by defendant's relatively minor delay in responding to its notice, it was improper to grant summary judgment in favor of plaintiff on this basis.

In addition, we conclude that a triable issue of fact exists as to whether defendant is responsible for the false alarms which were registered at the subject premises. According to the terms of the parties' written agreement, defendant assumed liability only for those false alarms which were caused by a malfunction of its own equipment. Since questions of fact exist as to the exact cause of the false alarms and whether the defects were within defendant's control, summary judgment should not have been granted. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.