■ ROMEO SANCHEZ et al., Appellants, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. —Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered June 15, 1989, dismissing the complaint, following a jury verdict in favor of defendant Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") reversed, on the law, the facts and in the exercise of discretion, and the case remanded for a new trial, without costs.

The cumulative effect of improperly admitted hearsay evi-

dence and improper assertions by counsel for MABSTOA was so prejudicial to plaintiff as to warrant a new trial.

It was the contention of plaintiff Romeo Sanchez ("Sanchez") that while attempting to board a MABSTOA bus, on February 9, 1983 at about 8:30 P.M., the bus doors closed on his foot and dragged him about fifteen feet along the ground until his foot was freed. He then fell onto the roadway and a bus wheel pushed him over causing him to suffer a fractured leg and crushed foot. There were no identified witnesses to the accident. Apparently, the bus operator was unaware of what had occurred.

A police officer, responding to a report of an accident, discovered Sanchez, who was fifty-one years old, semi-conscious and lying on the roadway at Madison Avenue and 58th Street. The officer testified that Sanchez told him that he sustained his injuries when "he was attempting to board a bus and the bus struck him and left the scene." An ambulance attendant who transported plaintiff to Bellevue Hospital testified that plaintiff stated that he had been "sideswiped" by a bus. The ambulance call report reflecting this statement was introduced in evidence. Over the objection of plaintiffs' counsel the court allowed the defense to also introduce the admission history portion of a Bellevue Hospital report containing a statement that plaintiff's injuries were "sustained by a bumper injury from a bus."

It was MABSTOA's contention that because the incident had not been reported by a MABSTOA bus driver and because of the nature of plaintiff's injuries, they could not have been caused by a MABSTOA bus. At trial the defense stressed what it alleged were inconsistencies in statements made by Sanchez concerning how the accident had occurred, giving particular significance to the statement contained in the hospital report that his injuries were caused by a bus bumper. The defense assailed plaintiff's trial account of the accident as a recent fabrication. It produced its log book clerk to establish that no MABSTOA bus driver had reported the accident. Dr. Michael Baden, a forensic pathologist called by the defense, testified that the direct impact fracture to plaintiff's tibia was inconsistent with plaintiff having been hit by the bumper of a MABSTOA bus, since contact with the bumper of a bus would have resulted in a fracture appreciably higher up on his leg. He also offered his opinion, in contrast to plaintiffs' three medical experts, that plaintiff's injuries were inconsistent with having been dragged or sideswiped by a bus.

The jury found that MABSTOA was not negligent and plaintiffs appeal.

Statements made by Sanchez to the police officer and to an ambulance attendant concerning the cause of the accident were attributable to him and properly admitted into evidence. *(See, People v Brown,* 70 NY2d 513, 518-520.) However, it was error to admit in evidence the statement contained in the hospital report. Because there was no foundation laid that plaintiff was the source of this information, the statement was inadmissible as either a prior inconsistent statement or as an admission against interest. *(Matter of Allstate Ins. Co. [Spadaccini],* 52 AD2d 813 [1st Dept 1976].) In fact, Sanchez testified that in the emergency room he was semi-conscious and that he did not recall telling anyone at the hospital how the accident occurred. Nor, is there any suggestion in the report itself that the information was provided by plaintiff. Moreover, defendant had not established that this statement was relevant to the diagnosis of plaintiff's injuries or to his treatment. *(Williams v Alexander,* 309 NY 283, 287-289 [1955].) To the contrary, one of plaintiff's doctors, during whose cross-examination the defense introduced this statement in the hospital admission record, had offered his opinion that such information was not relevant. The subsequent testimony of the defense expert, Dr. Baden, as to the nature of the injuries he would "expect to see" under any of the versions of the accident allegedly given by plaintiff could not have established the necessary relevancy.

Moreover, plaintiff's statements to the police officer at the scene and to the ambulance attendant, the only prior statements attributable to him, were consistent with his version of the accident given at trial. He reportedly told the police officer that while he was attempting to board a bus, the bus hit him and left the scene and told an ambulance attendant that he had been "sideswiped" by a bus. His trial testimony was that the bus doors closed on his foot, dragging him a short distance, after which he was struck by the rear wheel of the bus. Nonetheless, the defendant aggressively argued that plaintiff's testimony was unworthy of belief because he had given inconsistent accounts of how the accident occurred. The testimony of Dr. Baden and the summation of counsel for defendant were directed extensively to refuting the alleged contention that the injury was caused by a bus bumper even though it was not established that this was ever plaintiffs' position. Since there were no other eyewitnesses to the accident, plaintiffs' case hinged on whether the jury believed plaintiff's

testimony. Under these circumstances, the admission into evidence of the hearsay statement in the hospital record was highly prejudicial.

It also was error to permit a MABSTOA employee to testify that, in her experience, when accidents are not reported by MABSTOA bus drivers, it is because the accident never occurred, a point argued by MABSTOA in its summation.

This error was compounded by certain improper conduct by defendant's counsel both during direct examination of her own witness and during summation. Counsel identified herself as a co-employee of a clerk testifying on behalf of defendant. Both in her direct examination of this witness and in summation she referred to MABSTOA as "we" and "us" and in summation referred to the defendant's case as "my side of the story." Thus counsel for MABSTOA placed her own credibility on the side of her client and made herself an unsworn witness. *(Caraballo v City of New York,* 86 AD2d 580 [1st Dept 1982]; *Weinberger v City of New York,* 97 AD2d 819 [2d Dept 1983].) Further, in summation counsel characterized plaintiffs' case as a "bunch of crock", "bunch of bunk" and "hogwash" *(see, McAlister v Schwartz,* 105 AD2d 731, 733 [2d Dept 1984]), referred to plaintiffs' medical expert as "Here comes Howie" and misstated that the expert had had his privileges at New York Hospital revoked. *(See, Taormina v Goodman,* 63 AD2d 1018 [2d Dept 1978].)

Counsel suggested that plaintiff's "story" suddenly became "set" once he got in touch with and was "prepped" by his attorney. *(Caraballo v City of New York, supra.)*

The trial court did not abuse its discretion in permitting the questioning of plaintiff, a waiter, regarding his suspension for demanding tips from customers, contrary to his employer's rules. *(Martin v Alabama 84 Truck Rental,* 47 NY2d 721, 722 [1979].)* Counsel's questioning was restricted to simply asking Mr. Sanchez whether he had been suspended from work for one week for demanding gratuities from patrons to which he replied, "Yes". However, here, too, defendant counsel's summation exceeded permissible argument when she stated that Sanchez "was jacking up people * * * demanding a fifteen percent [tip] on top of it." Concur—Rosenberger, Asch, Ellerin and Smith, JJ.

Sullivan, J. P., dissents in a memorandum as follows: In my view, the admission in evidence of the hearsay statement contained in the hospital report does not require reversal. Plaintiffs argue, and the majority holds, that as there was no

foundation laid that plaintiff Romeo Sanchez was the source of the information and the statement was not relevant to diagnosis or treatment, it was inadmissible. Since, however, plaintiffs did not object at trial to the admission of the statement on the ground that said plaintiff was not the source of the information—they argued only that it was not relevant to diagnosis or treatment—they cannot offer this new ground for the first time on appeal, unless there is no purpose for which the evidence was admissible. *(See,* Richardson, Evidence § 538, at 531 [Prince 10th ed]; *see also, Schiaroli v Village of Ellenville,* 111 AD2d 947, 948, n.)*

Moreover, I disagree with the majority's conclusion that the statement was not relevant to diagnosis and treatment. While one of plaintiffs' medical witnesses testified that it was not relevant to the treatment of the injured plaintiff's fractured leg, even he admitted that "for both purposes of admission and discharge at a hospital * * * an accurate history of how and when an accident occurs" is "helpful". Such a history would, at a minimum, assist medical personnel in determining what type of injuries to look for.

Nor do I think that the remarks by defendant's counsel—in her direct examination of a defense witness and in summation —which the court now finds offensive, warrant reversal. Plaintiffs did not timely object to these remarks and therefore have waived any objection with respect thereto. *(See, Brennan v City of New York,* 108 AD2d 834, 837.)* In the context of this trial, I do not find any errors in this regard so serious as to warrant reversal in the exercise of discretion.

Accordingly, since plaintiffs' remaining contentions are without merit, the judgment should be affirmed.