■ TYRONE THOMPSON et al., Appellants, v GREEN BUS LINES, INC., et al., Respondents. [721 NYS2d 70] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated January 26, 2000, which, upon a jury verdict in favor of the defendants, dismissed the action.

Ordered that the judgment is reversed, on the law, and a new trial granted, with costs to abide the event.

After the plaintiff Tyrone Thompson was injured when he was struck by a bus, the plaintiffs commenced this action against the driver and the bus company. The jury returned a verdict in favor of both defendants on the issue of liability. On appeal, the plaintiffs argue that a new trial is required due to an erroneous evidentiary ruling by the trial court. We agree.

The injured plaintiff testified that he was standing on the sidewalk when he was injured and that no part of his body was on the street. The defendants impeached the injured plaintiff's credibility with a medical report which stated the following: "[t]he patient was standing on the sidewalk when the bus arrived. He stepped into the street and the bus continued to roll, going over his right foot."

It was reversible error for the trial court to admit this portion of the injured plaintiff's medical record into evidence. The defendants concede that the medical record was not admitted as a business record (*see,* CPLR 4518). Although the notation in the medical record was inconsistent with the injured plaintiff's position at trial, it could not be received in evidence as a prior inconsistent statement as the defendants were unable to offer any proof to connect the injured plaintiff to the statements (*see, Gunn v City of New York,* 104 AD2d 848).

The statement in the medical report directly contradicts the injured plaintiff's testimony that he was standing on the sidewalk when he was struck by the bus. Under the circumstances, the erroneous admission of the statement contained in the medical report cannot be deemed harmless, as the entry re-

lated to the very issue to be determined by the jury, i.e., how the accident happened. A new trial is therefore necessary. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.