OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed with costs, and a new trial ordered.
 

 While shopping with her husband in a Wal-Mart store, plaintiff slipped and fell on a white, jelly-like liquid. She commenced this personal injury action against Wal-Mart. At trial, her husband sought to testify that immediately after the fall, an unidentified Wal-Mart employee stated, “I told somebody to clean this mess up.” Defendant argued that the statement was hearsay and that plaintiff failed to establish the applicability of an exception to the hearsay rule. Plaintiff countered the statement was admissible both because the employee was authorized to direct clean-up of the spill and as part of the res gestae.
 

 Supreme Court allowed the testimony, concluding that the statement was an admission that could be used against the employer because it related to a spill and all Wal-Mart employees were authorized to clean up spills. The court further noted the statement was admissible “as part of the res gestae.” On
 
 *652
 
 appeal, the Appellate Division held that because “plaintiff failed to establish that the alleged employee had the authority to speak on behalf of defendant,” Supreme Court had erred in admitting the statement as an admission against Wal-Mart (278 AD2d 770, 771). However, since the record contained “no evidence to suggest that the statement was anything other than a spontaneous declaration,” the Appellate Division — one Justice dissenting — concluded that Supreme Court had properly allowed the testimony. We now reverse.
 

 In the proceedings below, plaintiff did not contest that the statement was hearsay, and argued that hearsay-rule exceptions applied. Accordingly, we assume without deciding that the statement was hearsay. Our law is well settled. The proponent of hearsay evidence must establish the applicability of a hearsay-rule exception (see,
 
 People v Nieves,
 
 67 NY2d 125, 131 [1986]).
 

 The Appellate Division correctly concluded that plaintiff failed to establish that the unidentified employee was authorized to make the alleged statement; thus, the statement did not constitute an admission binding on the employer. The Appellate Division erred, however, in concluding that the testimony was admissible because there was “no evidence to suggest that the statement was anything other than a spontaneous declaration.” That conclusion improperly shifted the burden of establishing the exception to the hearsay rule. Because in this case plaintiff failed to show that at the time of the statement the declarant was under the stress of excitement caused by an external event sufficient to still her reflective faculties and had no opportunity for deliberation, the statement should not have been admitted as a spontaneous declaration.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.