■ Terry L. Laguesse et al., Respondents, v Storytown U.S.A., Inc. et al., Appellants. [745 NYS2d 323] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Ferradino, J.), entered July 11, 2001 in Saratoga County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered October 5, 2001 in Saratoga County, which denied defendants' motion to set aside the verdict.

Plaintiff Terry L. Laguesse (hereinafter plaintiff) and her

husband, derivatively, commenced this action to recover damages for personal injuries sustained by plaintiff on August 23, 1996 while visiting defendant Great Escape, an amusement park located in the Town of Lake George, Warren County. According to plaintiff's unrefuted testimony, when she bent over to look at something in a western jailhouse exhibit, a grate made of iron bars which was affixed to the top half of the wall came loose and struck her on her head, back and shoulder. Following a trial, a jury awarded plaintiffs $283,062.60, of which $175,000 was designated for future pain and suffering. Supreme Court entered judgment and subsequently denied defendants' motion to set aside the verdict. Defendants appeal from the judgment and the order denying their motion to set aside the verdict. We affirm.

First, defendants argue that Supreme Court committed reversible error by admitting hearsay evidence at trial on the issue of defendants' notice of the alleged unreasonably unsafe condition. Plaintiff testified that after she was struck, she left the exhibit with the assistance of her husband and immediately stopped two park employees and described the accident to them. Over defendants' objection, Supreme Court permitted plaintiff to testify further that, after the employees inspected the jailhouse, one of them told plaintiff that a screw had broken. Defendants also objected to testimony given by plaintiff's husband to the effect that, at the first aid station just a few minutes after the accident, one of the employees told him that they had tried to fix the grate the day before but it had broken again.

Supreme Court found these statements to be spontaneous declarations admissible as an exception to the hearsay rule because they were made by defendants' employees within minutes of a startling event—i.e., the appearance of a seriously injured, distressed patron of the facility (*see, People v Caviness*, 38 NY2d 227, 230-231). Following Supreme Court's ruling on this issue, the Court of Appeals decided *Tyrrell v Wal-Mart Stores* (97 NY2d 650) in which it rejected as inadmissable hearsay a statement allegedly made by an unidentified Wal-Mart employee immediately after a patron fell. There, the Court made clear that more is required to demonstrate a spontaneous declaration than the mere fact that at the time he or she made the statement, the employee was assisting a patron of his or her employer immediately after an accident. As in *Tyrrell v Wal-Mart Stores* (*supra*), here the declarant was not a witness to the accident and "plaintiff[s] failed to show that at the time of the statement the declarant was under

the stress of excitement caused by an external event sufficient to still [his] reflective faculties and had no opportunity for deliberation" (*id.* at 652). Accordingly, plaintiffs failed to meet their burden of demonstrating that the statements allegedly made by the employees fell within the spontaneous declaration exception to the hearsay rule.

Nor were these statements admissible against defendants as party admissions. "[T]he hearsay statement of an agent is admissible against his [or her] employer under the admissions exception to the hearsay rule only if the making of the statement is an activity within the scope of his [or her] authority" (*Loschiavo v Port Auth. of N.Y. & N.J.*, 58 NY2d 1040, 1041; *see, Tyrrell v Wal-Mart Stores, supra* at 652; *Grant v Radamar Meat*, 294 AD2d 398, 399; *Tkach v Golub Corp.*, 265 AD2d 632, 634). Here, plaintiffs allege that the employees were mainte-nance workers, but did not ascertain their identities, much less demonstrate that they were authorized by defendants to make the statements. Plaintiffs' claim—raised for the first time on appeal—of spoliation, based on defendants' inability to produce records of maintenance personnel employed during the sum-mer in issue, is not preserved and is insufficiently established on this record to warrant admission of the statements as a sanction (*see, Abar v Freightliner Corp.*, 208 AD2d 999, 1001-1002).

The statements, therefore, were inadmissable hearsay and improperly admitted. Defendants contend that reversal is nec-essary as the improperly admitted statements were the only direct evidence that they had notice of the dangerous condition. We disagree. The first statement—simply that "a screw broke"—is a fact conceded in the testimony of an assistant gen-eral manager of the amusement park and nowhere contested by defendants. Although the second hearsay statement—that the grate had been repaired the day before—clearly goes to the issue of notice, at trial plaintiffs submitted expert testimony on that issue from a civil engineer who inspected the scene. Rely-ing on the condition of the wooden frame where the iron grate had been affixed to the wall—specifically a series of holes and gouges in the wood—the expert was able to opine that "the grate had been attached several times with screws or nails and that these had pulled out, and that as they pulled out, they ripped portions of the wood." Relying on the condition of the wooden frame and the fact that sheetrock screws had improp-erly been used to attach the bars to the frame, creating a risk that the bars would fall, the expert also testified that the grate had not been properly maintained. Given this evidence that

the screws had repeatedly failed in the past and that the grate thereafter had been improperly reattached to the wall, we find ample admissible and credible evidence upon which the jury could have based its conclusion that defendants, in the exercise of reasonable care, knew or should have known of the dangerous condition. Thus, we find the error in improperly admitting hearsay evidence to be harmless inasmuch as the statements were cumulative to other evidence presented at trial (*see, Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 702; *Warner v Village of Chatham*, 194 AD2d 980, 982; *Nicolla v Fasulo*, 161 AD2d 966, 967-968; *Borgo v Sontag*, 98 AD2d 786, 788; *cf., Mooney v Osowiecky*, 235 AD2d 603, 604; *Ellis v Allstate Ins. Co.*, 97 AD2d 970, 970).

Defendants next assert that Supreme Court erred in failing to charge the jury that there were no reports of prior accidents. "[T]he lack of evidence of prior accidents is admissible to negate negligence because continued use over a long period of time without incident may indicate that the condition has been proven to be adequate or safe" (*Cassar v Central Hudson Gas & Elec. Corp.*, 134 AD2d 672, 674; *see, Orlick v Granit Hotel & Country Club*, 30 NY2d 246, 250). Here, given the expert testimony establishing that the mechanism securing the grate had failed and been repaired in the past, we find no error in the court's refusal to charge the jury that there were no prior incidents (*see, Ramundo v Town of Guilderland*, 142 AD2d 50, 55).

Finally, we reject defendants' contention that the award for future pain and suffering is excessive. A jury's assessment of damages in a personal injury case is entitled to great deference (*see, Lolik v Big V Supermarkets*, 266 AD2d 759, 760), as is a trial court's decision on a motion to set aside a verdict (*see, Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697), and should not be set aside unless the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Evidence was introduced at trial that plaintiff, having undergone spinal fusion surgery which left screws and a metal plate in her spine, continues to experience discomfort, take pain medication and suffer limitations on her physical activities. Plaintiff's treating physician testified that she suffers degenerative changes in her spine which may require future surgeries. Viewing these facts against those of comparable cases, we find that the $175,000 award for future pain and suffering is not unreasonable or excessive (*see, e.g., Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998, 1000-1001; *Lamot v Gondek*, 163 AD2d 678, 680).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that judgment and order are affirmed, with costs.