■ KATHY TOWNSEND et al., Respondents, v MID HUDSON VENDING, INC., Appellant. [775 NYS2d 596]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Kathy Townsend, a dietary aide at the Wingate at Ulster Adult Care Facility (hereinafter Wingate) in Highland, slipped and fell on a puddle of water on the floor in front of a soda vending machine in the second floor staff lounge at Wingate. The vending machine was owned by the defendant Mid Hudson Vending, Inc.

The defendant met its burden of establishing entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The plaintiff failed to establish that the statement allegedly made by an employee of the defendant constituted an admission binding on the defendant (*see Tyrrell v Wal-Mart Stores,* 97 NY2d 650 [2001]).

Accordingly, the defendant's motion should have been granted. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.