■ CLAUDIO CUEVAS, Appellant, v ALEXANDER's, INC., Doing Business as KINGS PLAZA SHOPPING CENTER, et al., Respondents, et al., Defendants. [805 NYS2d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated February 5, 2004, which, upon a jury verdict, is in favor of the defendants Alexander's, Inc., doing business as Kings Plaza Shopping Center, Central Parking Systems, Inc., Kings Plaza Shopping Center of Flatbush Avenue, Inc., Kings Plaza Shopping Center of Avenue U., Inc., and Vornado Realty Trust, and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the

complaint is reinstated insofar as asserted against the respondents, and the matter is remitted to the Supreme Court, Kings County, for a new trial against the respondents, with costs to abide the event.

Contrary to the respondents' contention, the portions of a hospital record from Coney Island Hospital that the trial court permitted their counsel to read to the jury constituted inadmissible hearsay, as they related to the manner of the accident and were not germane to the plaintiff's diagnosis and treatment (*see Williams v Alexander,* 309 NY 283, 287 [1955]). Although the entries in the hospital record were inconsistent with the plaintiff's position at trial, they could not be received in evidence as prior inconsistent statements as the respondents were unable to offer any proof to connect the plaintiff to the statements (*see Thompson v Green Bus Lines,* 280 AD2d 468, 469 [2001]; *Gunn v City of New York,* 104 AD2d 848 [1984]). The statements in the hospital record directly contradicted the plaintiff's account as to how the accident occurred. Under the circumstances, the erroneous admission of these statements contained in the hospital record cannot be deemed harmless, as the entries related to the very issue to be determined by the jury, i.e., how the accident happened. A new trial is therefore necessary.

In light of our determination, we need not reach the plaintiff's remaining contentions. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.