■ MARY ELIZABETH STEWART, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants. [817 NYS2d 51]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J., and a jury), entered December 29, 2004, apportioning fault 70% against defendant and 30% against plaintiff, and awarding plaintiff $300,000 for past pain and suffering, $275,000 for future pain and suffering and $50,000 for past lost earnings, unanimously reversed, on the law, without costs, judgment vacated and the matter remanded for a retrial on liability and damages.

Plaintiff was hit by defendants' bus and taken to the hospital, where her blood chemistry was taken, generating, among other things, a toxicology report showing a high level of alcohol intoxication. At the end of the toxicology report, beneath the data, the following appears: "comment: specimen analysis was performed without chain-of-custody. These results are to be used for clinical evaluation only (and not for any legal or employment evaluative purposes). Confirmation testing was not performed."

Defendant argues that because the foregoing "disclaimer" did not relate to diagnosis or treatment, it constitutes inadmissible hearsay that should have been redacted from the toxicology report. We agree.

It was error for the trial court to admit matters in the hospital records that were not relevant to treatment and diagnosis. The limiting language contained in the "disclaimer" had absolutely

no bearing on plaintiff's treatment and diagnosis and, consequently, should not have been admitted (*Dickson v Queens Long Is. Med. Group*, 289 AD2d 193 [2001], *lv denied* 99 NY2d 502 [2002]).

Nor does the error in allowing this clearly inadmissible hearsay into evidence lend itself to harmless error analysis. Defendant's primary defense was intoxication. The toxicology report indicated an ethanol content of 236 milligrams per deciliter or the equivalent of .20 blood alcohol content. Defendant argued that this high level of intoxication resulted in a loss of visual acuity, balance and judgment. Thus, it was defendant's claim that plaintiff's intoxicated condition was the sole proximate cause of her accident. Allowing the disclaimer into evidence permitted the jury to speculate on the validity of the blood alcohol contents, thereby unduly prejudicing defendants' defense. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.