■ JOSE LUIS BERRIOS, Respondent, v TEG MANAGEMENT CORP., Appellant, et al., Defendant. [826 NYS2d 740]—

In an action to recover damages for personal injuries, the defendant TEG Management Corp. appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated March 18, 2005, which granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in its favor on the issue of liability and for a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he fell from an unsecured ladder on a roof being prepared for repairs. Nobody witnessed the plaintiff's fall. He commenced this action against, among others, the defendant TEG Management Corp. (hereinafter TEG) to recover damages for violations of Labor Law

§ 240. At a trial on the issue of liability, the plaintiff testified as to how the fall occurred. TEG presented evidence which, it argued, revealed that the plaintiff's injuries did not arise from a fall from a ladder and, therefore, did not arise from a violation of Labor Law § 240. This evidence included, inter alia, an entry in the plaintiff's hospital record which indicated that his injuries arose from a trip and fall. The Supreme Court, finding sufficient evidence to connect the plaintiff to the entry, admitted the entry into evidence, over the plaintiff's objection, as a prior inconsistent statement. The jury returned a verdict as to liability in favor of TEG and against the plaintiff, finding that the plaintiff's injuries did not arise from a fall from a ladder. The plaintiff moved, among other things, pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial. The plaintiff argued, inter alia, that admission of the entry in the hospital record was error and was not harmless. The Supreme Court, upon reconsideration of its ruling, agreed and granted such relief. We affirm.

A hearsay entry in a hospital record as to the happening of an injury is admissible at trial, even if not germane to diagnosis or treatment, if the entry is inconsistent with a position taken by a party at trial and there is evidence to connect the party to the entry (*see Cuevas v Alexander's, Inc.*, 23 AD3d 428 [2005]; *Echeverria v City of New York*, 166 AD2d 409 [1990]; *Gunn v City of New York*, 104 AD2d 848 [1984]). Here, TEG did not present evidence sufficient to establish that the plaintiff was the source of the entry indicating that his injuries arose from a trip and fall. Further, the erroneous admission of the entry cannot be deemed harmless, as the entry related to the very issue to be determined by the jury, that is, how the accident happened (*see Cuevas v Alexander's, Inc., supra*; *Echeverria v City of New York, supra*; *Gunn v City of New York, supra*). Thus, a new trial was properly granted. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.