■ MIGUEL ANTONIO CARCAMO, Respondent, v MARTIN STEIN, Appellant. [861 NYS2d 755]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings

County (Schack, J.), dated January 26, 2007, which, upon, inter alia, a jury verdict finding him 100% at fault in the happening of the accident, is in favor of the plaintiff and against him in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, with costs to abide the event.

We agree with the defendant that the statements in hospital and ambulance records which the court read to the jury constituted inadmissible hearsay, as they related to the manner of the accident and were not germane to the plaintiff's diagnosis and treatment (*see Williams v Alexander*, 309 NY 283, 287 [1955]; *Cuevas v Alexander's, Inc.*, 23 AD3d 428, 429 [2005]). The statements in the records directly contradicted the defendant's account as to how the accident occurred. Under the circumstances, the erroneous admission of these statements cannot be deemed harmless, as the entries related to the very issue to be determined by the jury, i.e., how the accident occurred (*see Cuevas v Alexander's, Inc.*, 23 AD3d at 429). We further note that it is not apparent from the record whether a proper foundation was laid for the admission of the statements pursuant to CPLR 4518 (*cf. Bayne v City of New York*, 29 AD3d 924, 926 [2006]). While the statements were redundant of the plaintiff's testimony in court, they bore on the ultimate issue determined by the jury, that is, how the accident occurred (*see Berrios v TEG Mgt. Corp.*, 35 AD3d 775, 776 [2006]; *Hatton v Gassler*, 219 AD2d 697, 697-698 [1995]), and the admission of the statements may have prejudiced the defendant by lending undue credence to the plaintiff's testimony (*see Shufelt v City of New York*, 80 AD2d 554, 555 [1981]). Since the effect of these statements on jury deliberations is unknown, we cannot say that their admission was harmless (*see Shufelt v City of New York*, 80 AD2d at 555).

Additionally, the Supreme Court erred in precluding the defendant from testifying as to the physical condition of his motor vehicle prior to the accident. Evidence of pre-existing physical damage to the defendant's vehicle at or near the alleged point of impact would be relevant and assist the jury in evaluating the photographic evidence of the defendant's vehicle.

In light of the foregoing, we need not consider the defendant's remaining contentions. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.