Judgment, Supreme Court, Bronx County (Julia Rodriguez, J.), entered September 28, 2011, upon a jury verdict, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, the complaint reinstated and the matter remanded for a new trial.
Plaintiff commenced this action against defendant New York City Transit Authority and the City of New York (collectively NYCTA) to recover damages for a fractured ankle she allegedly sustained in 2007 while descending the platform stairs at a subway station in the Bronx. At trial plaintiff testified that as she was descending the stairs, she “stepped on something very hard” which caused her to fall. After her fall, plaintiff noticed a metal bracket protruding from the step where she had fallen. Plaintiff contends that the metal bracket constituted a dangerous condition which caused her to fall, and that NYCTA was negligent in allowing the metal bracket to exist on the stairway. NYCTA denied the allegations, and argued at trial that it had rained on the day of plaintiffs accident, which caused plaintiff to fall, and that the fall was not due to the protruding metal bracket as plaintiff testified. To support its position, the NYCTA called as a witness the orthopedic surgeon who examined plaintiff after her accident. The doctor testified, solely based on his hospital notes, and over plaintiffs objection, that when he examined plaintiff, she told him that she sustained a “slip and fall on wet ground.” After the trial, the jury rendered a verdict in NYCTA’s favor. Plaintiff now appeals, arguing, among other things, that the doctor’s testimony that plaintiff told him that she slipped on a wet surface should have been precluded. We agree.
It was harmful error for the trial court to admit into evidence the hearsay hospital notes of the orthopedic surgeon who examined plaintiff after her accident. According to the doctor’s notes, plaintiff stated that she slipped and fell on wet ground and complained of severe right ankle pain. However, at trial the doctor testified that he only “assume[d]” that the statement came from plaintiff. Moreover, the doctor admitted that he did not recognize plaintiff and had no independent recollection of the case; his original history notes were discarded; and he was unsure from whence he received the information.
*446 We disagree with the trial court’s ruling that the statement made by the doctor was relevant to plaintiffs fall. Generally, admissions not germane to the treatment or diagnosis of a plaintiffs injuries are not admissible under the business records exception to the hearsay rule (Beecham v New York City Tr. Auth., 54 AD3d 594 [1st Dept 2008]; see also Williams v Alexander, 309 NY 283 [1955]). A hearsay entry in a hospital record as to the cause of an injury may be admissible at trial even if not germane to diagnosis, if the entry is inconsistent with a position taken at trial. However, there must be evidence that connects the party to the entry (Coker v Bakkal Foods, Inc., 52 AD3d 765 [2d Dept 2008], lv denied 11 NY3d 708 [2008]; see also Cuevas v Alexander’s, Inc., 23 AD3d 428 [2d Dept 2005]).
Here, plaintiff testified that she slipped on a metal bracket protruding from a subway step. The hospital record indicating that she slipped on wet ground should not have been presented to the jury since there was no proper foundation for its admission, inasmuch as it was unclear whether plaintiff was the source of that information (see Echeverria v City of New York, 166 AD2d 409, 410 [2d Dept 1990]). Indeed, plaintiff testified that she did not tell the orthopedic surgeon that she slipped on a wet surface. The admission of the hospital record thus was not harmless error since it went to the crux of plaintiffs allegations. NYCTA’s primary defense was that plaintiff slipped on wet ground, and not from its negligence (see generally Stewart v Manhattan & Bronx Surface Tr. Operating Auth., 30 AD3d 283 [1st Dept 2006]).
Concur—Mazzarelli, J.E, Acosta, Renwick and Clark, JJ.