■ GARY LIANG, Respondent, v YI JING TAN et al., Appellants. [35 NYS3d 184]—

In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, the defendants appeal from (1) an order of the Supreme Court, Queens County (Grays, J.), entered March 12, 2014, which denied their motion, in effect, to dismiss the action pursuant to CPLR 3211 (a) (7) and on the ground of a pending arbitration proceeding, and (2) a judgment of the same court entered April 24, 2014, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $102,477.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, Gary Liang, was the CEO and manager of EW Studio, Inc. (hereinafter EW), a business which sold cellular phones and cellular phone plans. The plaintiff's mother,

Yeechiu Chung Liang, was a 50% shareholder in EW and the company's president. The defendant Yi Jing Tan was the secretary of EW, and also held an interest in EW. In July 2007, Yi Jing Tan allegedly formed the defendant Sagar Wireless, Inc. (hereinafter Sagar), which also was in the business of selling cellular phones.

In 2008, the plaintiff, as assignee of Yeechiu Chung Liang, individually and as a shareholder of EW, commenced this action against the defendants, alleging that Yi Jing Tan had converted assets of EW and taken substantial sums of money from EW for her own use and that of Sagar. Additionally, the plaintiff alleged that Yi Jing Tan had converted EW client lists, inventory, and contractual relationships with other cellular phone companies, including AT&T and T-Mobile.

The defendants moved, inter alia, to preclude the plaintiff from introducing at trial evidence of EW's bank accounts based on the plaintiff's failure to disclose records of the accounts, and to dismiss so much of the complaint as pertained to disputes involving AT&T based on those disputes having been submitted to arbitration. In an order entered September 9, 2013, the Supreme Court granted those branches of the motion.

In October 2013, the defendants moved, in effect, to dismiss the action pursuant to CPLR 3211 (a) (7) and on the ground of a pending arbitration proceeding. The defendants contended, inter alia, that the plaintiff had submitted essentially the same causes of action as alleged in this action to arbitration against the same defendants, as well as against AT&T and Sagar Group, Inc. The motion was denied in an order entered March 12, 2014.

Following a trial, the jury returned a verdict in favor of the plaintiff and against the defendants in the principal sum of $102,477.

Contrary to the defendants' contention, that branch of their motion which was pursuant to CPLR 3211 (a) to "discontinue or dismiss the entire action . . . in lieu of the pending . . . arbitration proceeding" was properly denied. In the absence of an arbitration award, CPLR 3211 does not furnish a basis for dismissal of the action based on the arbitration proceeding (see *Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d 735, 738 [1978]; *Hui v New Clients, Inc.*, 126 AD3d 759, 760 [2015]).

However, we agree with the defendants that the Supreme Court erred in permitting the plaintiff to introduce evidence concerning EW's accounts with Cathay Bank. Further, the

court erred in allowing the admission of evidence pertaining to disputes involving AT&T. This evidence was precluded by the order entered September 9, 2013. Under the circumstances of this case, the erroneous admission of this evidence cannot be deemed harmless, as it related to the very issues to be determined by the jury, including whether the defendant converted assets of EW related to its dealings with AT&T (*see Carcamo v Stein*, 53 AD3d 520, 521 [2008]; *Cuevas v Alexander's, Inc.*, 23 AD3d 428, 429 [2005]).

The defendants' remaining contentions are without merit, unpreserved for appellate review, or have been rendered academic in light of our determination.

Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new trial. Under the circumstances of this case, the new trial should be stayed pending the completion of the arbitration proceeding (*see Clemens v Apple*, 65 NY2d 746, 748-749 [1985]; *Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d at 738; *cf. Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 940 [2011]). Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.